[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 13, 1995 Date of Application September 29, 1995 Date Application Filed October 9, 1995 Date of Decision April 24, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford.
Docket No. CR 95-108885
Auden Grogins, Defense Counsel, for Petitioner.
Eugene Callahan, Assistant State's Attorney, for the State.
 BY THE DIVISION
The petitioner, then 20 years of age, pleaded guilty in a substitute information to the crime of Manslaughter, 1st degree (§ 53a-55
(a)(3). (He had originally been charged with murder).
There was no plea agreement and he was sentenced to the maximum term of 20 years. (The pre-sentence report recommended imposition of the maximum sentence.)
The petitioner came to this country from England in 1993, shortly before this crime occurred in July of that year. A local youth gang had rented two or three rooms at the Stamford Motor Inn where they were partying. The victim had come to the motel seeking to purchase drugs. A confrontation ensued and a hand gun was used to threaten the victim. Upon seeing the gun, the victim-ran away, but the petitioner fired at him as he ran, causing his death. Because the shot was fired from a distance and not close-up the State reduced the charge to Manslaughter.
After the shooting the petitioner fled to England and had to be extradited back to the United States.
His attorney points out that Twum has no prior record, had poor guidance growing up, was even abused and, in this country, had little in CT Page 6802 the way of a support group, falling in with a gang.
As, however, the Court pointed out, when one fires a gun in the direction of another, there's a good likelihood of hitting him.
This was a senseless killing of a 22 year old who was fleeing for his life when shot. It is a heinous and unjustified act.
This Division's authority to modify a sentence is limited, under Practice Book § 43-28, to those sentences which are disproportionate or inappropriate using the various criteria indicated.
In reviewing this sentence pursuant to § 43-28 of the Practice Book, this Division cannot conclude it was either inappropriate or disproportionate.
Accordingly, it is affirmed.
Klaczak, Norko and O'Keefe, J.s, participated in this decision.